## In re WENTWORTH LUNCH CO.

### (District Court, S. D. New York. January 25, 1911.)

BANKRUPTCY (§ 114*)—RECEIVERS—JURISDICTION TO APPOINT—EXPENSES OF RECEIVERSHIP WHERE APPOINTMENT WAS ERRONEOUS.

A District Court has jurisdiction to appoint a receiver for the property of a corporation on the filing of a petition in bankruptcy against it by creditors, although it is afterward determined that the corporation was not subject to adjudication as a bankrupt, and it may in its discretion allow and pay the expenses of the receivership, including compensation to the receiver and his attorney from the funds in his hands where such services were beneficial to the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 114.*]

In the matter of the Wentworth Lunch Company, alleged bankrupt. On motion for confirmation of report of special master on receiver's account. Report confirmed.

The following is the report of the special master:

To the Honorable United States District Court Judges:

I, Stanley W. Dexter, to whom was referred as special master the account of William Lesser, as receiver, and the report of services of Maurice P. Davidson, his attorney, for examination, testimony and report and further to report my opinion, whether as a matter, both of law and discretion, such allowances as may be made should be paid out of the funds in the hands of the receiver or by those creditors who moved for the appointment of said receiver and obtained an order therefor, do hereby report that I have been attended by William Lesser, Esq., receiver in person, and by Maurice P. Davidson, Esq., his attorney, and by Reno R. Billington, Esq., attorney for the alleged bankrupt and for the assignee and for the New York Central Warehouse Company, lienor, and have heard the proofs and allegations of the respective parties and the arguments and briefs of counsel and after due consideration, I report as follows:

An involuntary petition in bankruptcy was filed in this court on October 21, 1907, by Maurice P. Davidson as attorney for Nollman & Co., James T. Smith, and Max Waterman, creditors to the sum of $622.60 alleging that the Wentworth Lunch Company is a corporation and engaged in "carrying on a restaurant business" at No. 88 Fulton street, in the Borough of Manhattan, and city of New York, and is not a wage earner or person engaged chiefly in farming or in the tillage of the soil, and is not a national bank or a bank incorporated under the state or territorial laws and owes debts to the amount of $1,000 and over; that it is insolvent, and while insolvent and within four months committed an act of bankruptcy in that on October 17, 1907, it made a general assignment for the benefit of its creditors to one Gerard S. Witzen and further transferred property in payment of antecedent indebtedness with the intent to prefer. The petition was duly verified by the creditors mentioned and the same day, on the petition of Walter P. Nollman on behalf of Nollman & Co., showing that the alleged bankrupt had been dispossessed and that its property was perishable and on motion of Mr. Davidson, Mr. Lesser was appointed receiver with a bond of $500 and the petitioning creditors were directed to give a bond under section 3 (e) in the sum of $250. The receiver, on attempting to take possession of the Fulton street store, ascertained that practically all the property had been removed to the New York Central warehouse at No. 103 East 125th street, New York, except certain fixtures contained in another store at 45 New street, and claimed by the occupant, Strassburger. After an examination of witnesses under section 21a (Act July 1, 1898, c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), the receiver was put in possession of facts, which enabled him to regain most of the property, and subsequently a sale thereof was ordered by the court, free of liens, realizing

$917.78 gross, or net proceeds of $816.40. He has also succeeded in recovering $175 for the New street fixtures. Certain small collections and interest received increased total fund to $1,075.08, as shown in his account. The only disbursements that the receiver has made out of the fund is an item of $15 paid as indemnity for expenses of referee in charge, leaving a balance in his hands of $1,060.08, which should be approved as correct.

The receiver has incurred, but not yet paid, the following expenses of administration:

To Thomas Alexander, services as special commissioner.......... $15.20
" C. A. Parsons, stenographer, testimony 21.................... 23.00
" New York Times, advertising sale.......................... 4.80
" U. S. Fidelity & Guaranty Company, premiums on receiver's bond for 4 years, to October 22d, 1911..................... 20.00

Total .............................................. $63.00

These expenses are proper and should be allowed receiver as necessary costs of administration.

In addition to the foregoing the fund in the hands of the receiver is subject to a storage lien of the New York Central Warehouse Company, amounting to $367.20, which by order of the referee has attached to the proceeds of sale.

Appraisers were appointed by the court, but no application has yet been made to fix their compensation.

I recommend, also, that the receiver be allowed $100 as compensation for his services in collecting and conserving the assets and that $100 be allowed to his attorney for legal services and assistance herein.

The remaining question referred to me under the order is: "Whether as matter both of law and discretion such allowances should be paid out of the funds in the hands of the receiver, or by those creditors who moved for the appointment of said receiver and obtained an order therefor."

It appears that the alleged bankrupt interposed an answer to the petition, alleging that it was engaged in carrying on a restaurant and saloon at 86 Fulton street, wherein it distributed foods and liquors at retail, and that said foods and liquors were consumed on the premises. That it is not and never has been engaged principally in manufacturing, trading, printing, publishing, mining, or mercantile pursuits, and was not within the purview of the bankruptcy act.

On the answer and other affidavits, a motion was made to vacate the order appointing the receiver, which was denied by Judge Holt by order dated October 29, 1907.

The issues then came on for trial before the same judge, who handed down a decision on November 9, 1907, in the following words: "I think that a corporation which carries on the usual business of a restaurant is engaged principally in trading and mercantile pursuits within the meaning of the Act, although, of course, the authorities differ on this question. But a corporation might carry on a restaurant under such circumstances or while doing other business, so that it would not be so engaged. The answer is so drawn that the respondent is entitled to try the issue of bankruptcy if it wishes. But if it was intended by the answer only to raise the legal question, and that would be the result of a reference, I should direct an adjudication. The respondent may either take a reference or an adjudication." On November 12, 1907, an order was made directing the usual order of adjudication to be entered unless within two days the alleged bankrupt applied for an order of reference on the question of fact involved, to wit: "Whether the Wentworth Lunch Company carried on its restaurant business under such circumstances or while doing other business, so that it is not engaged principally in trading or mercantile pursuits, within the meaning of the act."

The company did not avail itself of this condition and the usual order of adjudication was made on November 15, 1907, designating the present master as referee in charge, but took an appeal to the Circuit Court of Appeals. Pending the appeal, the receiver sold the assets, recovered by him, without further interference on the part of the bankrupt, but on January 11, 1908, an

order was made by Judge Holt, on the bankrupt's application, staying all proceedings until the appeal was determined.

On March 6, 1908, the Circuit Court of Appeals by a divided court reversed the order of adjudication on the allegations of the answer, citing among other authorities the decision in Re Chesapeake Oyster & Fish Co. (D. C., Colo.) 7 Am. Bankr. Rep. 173, 112 Fed. 960, as involving the precise question. In re Wentworth Lunch Co. (2d Circuit) 20 Am. Bankr. Rep. 29, 159 Fed. 413, 86 C. C. A. 393.

A further appeal on writ of certiorari was taken to the Supreme Court and the decree of the Circuit Court affirmed April 18, 1910. Matter of Wentworth Lunch Co., 217 U. S. 591, 30 Sup. Ct. 694, 54 L. Ed. 895.[1] The judgment was affirmed on the authority of Toxaway Hotel Co. v. Smathers, 23 Am. Bankr. Rep. 626, 216 U. S. 439, 30 Sup. Ct. 263, 54 L. Ed. 558, decided February 21, 1910. In that case it was for the first time authoritively settled that an occupation that is not trading is not a mercantile pursuit, and that a corporation if not amenable to the bankruptcy act does not become so because it incidentally engages in mercantile pursuit. Prior to these decisions, the authorities were conflicting, as to whether or not hotels and restaurants were amenable to the act. Re Chesapeake Oyster Co. (D. C. Colo.) 7 Am. Bankr. Rep. 173, 112 Fed. 960, holding in the negative. Re Barton Hotel Co. (D. C.) 12 Am. Bankr. Rep. 335, holding in the affirmative.

### Opinion.

It is a general rule of equity that the compensation and expenses of the receiver are payable out of the fund. The receiver does not act as the agent for either of the parties, but as the hand of the court. Union Trust Co. v. Railway Co., 117 U. S. 434, 6 Sup. Ct. 809, 29 L. Ed. 963; Central Trust Co. v. Wabash (C. C.) 23 Fed. 863.

He is not appointed for the benefit of either of the parties, but of all concerned. Davis v. Gray, 16 Wall. 203, 218, 21 L. Ed. 447. The expenses which the court creates are burdens necessarily on the property taken possession of, irrespective of the question who may be the ultimate owner or who may invoke the receivership. Kneeland v. Am. Loan Co., 136 U. S. 89, 98, 10 Sup. Ct. 950, 34 L. Ed. 379; Atlantic Trust Co. v. Chapman, 208 U. S. 360, 28 Sup. Ct. 406, 52 L. Ed. 528.

The only qualification of these familiar rules is that the court must have had jurisdiction of the subject-matter and that the appointment of the receiver involved no irregularity. Atlantic Trust Co. Case, supra. That the court had jurisdiction to hear and determine the issues of fact bearing on this bankruptcy cannot be questioned. It certainly had jurisdiction of the subject-matter so far as was necessary to enable it to determine the question whether or not the company was amenable to the act. Hill Co. v. Supply Co., 24 Am. Bankr. Rep. 84, 89, 156 Ill. App. 270; In re De Lancey Stable Co. (D. C., Iowa), 22 Am. Bankr. Rep. 406, 170 Fed. 860; In re Bank of Belle Fourche (Eighth Circuit) 18 Am. Bankr. Rep. 265, 152 Fed. 64, 81 C. C. A. 260; In re Hill Co. (Seventh Circuit) 20 Am. Bankr. Rep. 73, 159 Fed. 73, 86 C. C. A. 263.

If it had jurisdiction, the appointment of the receiver was proper in its discretion. If the adjudication was erroneous, it is not a nullity, but the error may be corrected on appeal. In re N. Y. Tunnel Co. (2d Circuit) 21 Am. Bankr. Rep. 531, 166 Fed. 284, 92 C. C. A. 202. The court will exercise an equitable discretion in compelling the fund to bear the expenses or in apportioning the same among others as justice requires.

I have no difficulty in determining on which side the equities lie. The company has made an assignment, and had transferred or attempted to remove its property, and has no further standing in the situation. It has become a mere question of administration. The company was given an opportunity to prove the allegations of its answer before a master, but chose the costly and dilatory method of appeal. In the meanwhile the receiver recovered assets, and has sold them under the order of the court. All liens thereon have been preserved, and all rights protected under the shelter of this court. The serv-

---

[1] Memorandum decision.

ices of the receiver and his attorneys appear to have been beneficial to the estate and to that extent should be compensated for out of the fund. Randolph v. Scruggs, 10 Am. Bankr. Rep. 1, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165; Clark v. Brown, 119 Fed. 132, 57 C. C. A. 76; Re Lock Stub Check Co. (D. C., N. Y.), 5 Am. Bankr. Rep. 106, note. The case of In re Lacov (Second Circuit) 15 Am. Bankr. Rep. 290, 142 Fed. 960, 74 C. C. A. 130, contains nothing at variance with these principles. An examination of the original record in the law institute library (U. S. C. C. A. Record, vol. 303) shows a peculiarly atrocious attack on a perfectly solvent debtor by creditors, instigated by an attorney since disbarred, and the petition was dismissed as unfounded. The equities were strongly in favor of the alleged bankrupt and the discretion of the court below in taxing the expenses against the guilty creditor was proper. The only question before the Circuit Court of Appeals was the right to enforce payment by contempt proceedings and the jurisdiction of the District Court to order the expenses paid by the creditors.

I therefore report and recommend as a matter of discretion and of law that the expenses and allowances above set forth and the master's fees and expenses herein, amounting to $30, are proper charges against the fund and should be paid therefrom. The balance in the receiver's hands should be applied (1) to the payment of the storage lien, and (2) what remains to the assignee. On making these payments the receiver should be discharged and his bond canceled.

Maurice P. Davidson and Raymond V. Ingersoll, for receiver.
William Lesser, in pro. per.
Reno R. Billington, for alleged bankrupt.

HOLT, District Judge. Motion granted. Referee's report confirmed; $5.00 allowed to each appraiser. In my opinion the appointment of the receiver was not without jurisdiction. It has been held to have been erroneous, but it is, in my judgment, a misuse of terms to say it was without jurisdiction.